UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ACCIDENT INSURANCE
COMPANY, INC.,

                Plaintiff,

v.                                    Case No. 2:20-cv-425-FtM-66NPM

V&A DRYWALL AND STUCCO, INC.,
PLATINUM SERVICE CONTRACTING,
LLC,
FRANK WINSTON CRUM INSURANCE
COMPANY,
D.R. HORTON INC.,
MICHAEL VOGELGESAN and
PRISTIN VOGELGESAN, individually
and as Trustees of the Michael F.
Vogelgesan and Pristin
Vogelgesan Trust of 2012,
DAVID FOAD, MARIAM FOAD,
and RUTH KUTTLER, individually and
as Trustee of THE GREEN MISSION
LIVING TRUST,

                Defendants.

_____

**ORDER**

Before the Court is Plaintiff's Motion for Clerk's Default Against V & A Drywall and Stucco, Inc. (Doc. 16). Plaintiff Accident Insurance Company, Inc. requests the Court enter a default against V & A Drywall and Stucco, Inc. ("V & A") for failure to plead or otherwise defend. Defendant did not respond to the motion and the time to do so has lapsed. As set forth below, the Court grants the motion.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk

must enter the party's default." Fed. R. Civ. P. 55(a). Before directing the clerk to enter a default, however, the Court must determine whether Plaintiff properly effected service of process, for which Plaintiff bears the burden of proof. Fed. R. Civ. P. 4(l); *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-CV-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014); *Zamperla, Inc. v. S.B.F. S.R.L.*, No. 6:13-CV-1811-ORL-37, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014).

Pursuant to Rule 4(h)(1)(B), an entity defendant may be served by any manner authorized in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process …." *Chambers*, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014). Likewise, under state law, a corporation may be served through its registered agent. Fla. Stat. § 48.081(3)(a). And § 48.081(3)(a) also provides that a person attempting service may serve process on any employee of the registered agent on the first attempt at service. *Id.*

Plaintiff served V & A by serving the spouse of the registered agent at the residence address. (Doc. 11-2). If the address for the registered agent is a residence, service may be made on the registered agent under § 48.031, and § 48.031(1)(a) provides for service on a person at his "usual place of abode" by leaving copies with a person residing there who is fifteen or older. Thus, the Court finds Plaintiff properly effected service of process on V & A.

V & A has failed to answer or otherwise defend this action. Therefore, the Court finds a clerk's default must be entered pursuant to Rule 55(a).

Accordingly, it is hereby **ORDERED**:

(1) The Motion for Clerk's Default Against V & A Drywall and Stucco, Inc. (Doc. 16) is **GRANTED**.

(2) The Clerk is directed to enter a default against Defendant V & A Drywall and Stucco, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida on September 3, 2020.

_Nicholas P. Mizell_

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE